UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jerome Want,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-1699 (CKK) |
| | : | |
| **Express Scripts, Inc.,** | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff, a resident of Hagerstown, Maryland, sues defendant Express Scripts, Inc., a District of Columbia business, for $2 million, "plus $1B in punitive damages." Compl. at 2. The complaint arises out of defendant's alleged failure to fill plaintiff's prescriptions. Defendant moves to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which plaintiff has opposed. Upon consideration of the parties' submissions, the Court will grant defendant's motion and dismiss the case.

BACKGROUND

Defendant is "a pharmacy benefit manager [that] does not dispense medication," but "contracts with various retail pharmacies [that do] dispense medication." Amended Mem. in Supp. of Mot. to Dismiss [Dkt. # 11] at 6, n.2. The gist of plaintiff's 10-count complaint is that defendant "has repeatedly and knowingly failed to properly process orders [] for [his] medication . . ." and, as a result, his "health and well being" are "threaten[ed]." Compl. at 1. Plaintiff lists his causes of action as follows: Malpractice (Count One), Negligence (Count 2), Lack of Good Faith (Count 3), Failure to Perform (Count 4), Misrepresentation & Fraud (Count 5), Malfeasance (Count 6), Breach of Contract (Count 7), Violation of the Health Information

Privacy Administration Act (HIPPA)[1] (Count 8), Violation of Federal anti-discrimination laws (Count 9), and Wreckless [sic] Endangerment (Count 10). *Id*. at 1-2.

The complaint's factual allegations are bare, but plaintiff has added facts in three separate responses to the pending motion to dismiss. In his first response, plaintiff alleges "at least two occasions where the defendant failed to accept or process the necessary request for medications." Response to Def.'s Mot. to Dismiss [Dkt. # 14] at 1. On July 26, 2011, defendant allegedly failed to process "a refill form and script for medications" sent from plaintiff's doctor's office, and on November 21, 2011, plaintiff allegedly called defendant "no less than fourteen (14) times to request that the defendant fax his physician the necessary refill forms with fax number for returning the forms to obtain medications." *Id*. at 1-2. Plaintiff "was able to connect with a representative twice [who] said they would fax the forms 'within five minutes,'" but his "physician's office has confirmed that it [had] not received any forms" as of November 22, 2011. *Id*. at 2.

In an "addendum" to the foregoing response, plaintiff alleges that "[o]n or about November 8," his doctor "sent properly executed renewal forms to [defendant] to renew the medication Lyrica [that] is badly required by the plaintiff for the treatment of neuropathic pain." Addendum to Previous Response to Def.'s Mot. to Dismiss ("Pl.'s Addendum") [Dkt. # 15] at 1. But after plaintiff and his doctor's office called defendant on December 14, 2011, a total of 12 times, defendant could not locate the order. *Id*. Allegedly, "[p]laintiff made an additional seven (7) calls on December 15 to speak with a supervisor" but was able to speak only with various customer service representatives. *Id*. Eventually, plaintiff spoke with a supervisor who denied

---

[1] The Court assumes that plaintiff means the Health Insurance Portability and Accountability Act of 1996, codified at 42 U.S.C. § 1320d.

plaintiff's request to call his doctor's office and "demanded that the physician's office call her." *Id*. at 2. Allegedly, plaintiff's doctor's office attempted to reach the supervisor but to no avail. Plaintiff alleges that "[l]ower level employees [of defendant] noted to both the plaintiff and the physician's office that plaintiff's registration had expired on Dec. 9, 2011," and that defendant sent "other medications to plaintiff's cardiologist" on December 9, 2011, but not Lyrica. *Id*. Meanwhile, "plaintiff has gone without Lyrica [and] is suffering serious pain." *Id*. Plaintiff states that he "will show at a later time where the defendant's negligence caused him to have to undergo heart surgery." *Id*.

In his third response to the motion to dismiss filed on May 21, 2012, plaintiff attached a letter dated January 5, 2012, informing him that he has "been accepted into the Pfizer Connection to Care program" and that his prescription for Lyrica had been shipped to his home. Am. Compl. & Response to Am. Mem. of Defendant ("Am. Resp.") [Dkt. # 18].[2] Plaintiff asserts that the letter is a contract between Pfizer Pharmaceuticals and himself "for the medications" that also binds defendant. *Id*. at 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 2064 (2010). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid

---

[2] Because plaintiff did not seek leave to amend the complaint, the Court has considered the document only as a supplemental response to the motion to dismiss.

of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  A court must construe *pro se* filings liberally and, absent any indication of prejudice to the defendant, should read "all of the plaintiff's filings together[.]" *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999).

## DISCUSSION

Defendant argues correctly that as to Counts 1, 2, 5, 7, and 9 of the complaint, plaintiff has not stated sufficient facts to establish his respective claims of malpractice, negligence, fraud, breach of contract, and discrimination.  *See* Def.'s Mem. at 6-9, 11-15; Fed. R. Civ. P. 9 (requiring fraud to be pled "with particularity the circumstances constituting fraud"); *Alexander v. Wash. Gas Light Co.*, 481 F. Supp. 2d 16, 36 (D.D.C. 2006) (to recover damages for fraud under Maryland law, plaintiff must prove that defendant knowingly made a false representation to him or made it with "reckless indifference as to its truth" for the purpose of "defrauding the plaintiff" and that plaintiff materially relied on the misrepresentation and "suffered compensable injury") (quoting *Ellerin v. Fairfax Sav., F.S.B.*, , 652 A.2d 1117, 1123 (Md. 1995)); *Ellerin*, 652 A.2d at 1124 (stressing that "recovery in a tort action for fraud or deceit in Maryland is based upon a defendant's deliberate intent to deceive"); *see also Keveney v. Missouri Military Academy*, 304 S.W. 3d 98, 104 (Mo. 2010) (claim for contract breach necessarily requires the existence of a

contract).[3] Plaintiff proffered the January 5, 2012, letter from Pfizer as evidence of a contract to which he alleges defendant is bound because "Pfizer has chosen to 'out-source' the distribution of the medication to [defendant]." Am. Resp. at 2. But the letter lacks any semblance of a contract, and it contains no terms from which a contract may be found or reasonably inferred.

As for the discrimination claim, plaintiff has neither identified the "federal anti-discrimination laws" defendant's female employees violated when they allegedly "acted in a discriminatory manner against the Plaintiff based on gender and age," Compl. at 2, nor stated any facts that would support a claim under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to e-17, or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, since both statutes prohibit discriminatory practices by *employers* against their employees or applicants for employment.

As for the predominant claims of malpractice and negligence, plaintiff has not stated facts establishing the requisite relationship upon which such claims are predicated. Under Maryland law, "[t]o state a [negligence] claim, the plaintiff must allege facts demonstrating (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury

---

[3] Plaintiff does not disagree with defendant's suggestion that since he has presented no facts to establish which law governs his common law claims that either Maryland or Missouri law should apply. Def.'s Mem. at 6, 14, nn.3, 4. Since plaintiff resides in Maryland, the Court will apply Maryland law to plaintiff's tort claims. *See Alexander v. Wash. Gas Light Co.*, 481 F. Supp. 2d 16, 34, n.10 (D.D.C. 2006) (applying Maryland law where, among other factors, "[p]laintiff's domicile and residence are in Maryland"). Since "Maryland courts ordinarily apply the law of the jurisdiction where [a] contract was made," *Kearns v. Northrop Grumman Systems Corp.*, Civil Action No. ELH-11-1736, 2012 WL 1183017, at *5, n.12 (D. Md. Apr. 6, 2012), and plaintiff's only evidence of a purported contract is a letter from Pfizer Connection to Care in St. Louis, Missouri, Am. Compl. & Response to Am. Mem. of Def. [Dkt. # 18], Attachment, the Court will apply Missouri law to plaintiff's breach of contract claim.

proximately resulted from the defendant's breach of the duty." *Horridge v. St. Mary's County Dep't of Soc. Services*, 854 A.2d 1232, 1238 (Md. 2004) (citations and internal quotation marks omitted). A similar duty is required to prove a malpractice claim. *See State v. Copes*, 927 A.2d 426, 437 (Md. 2007) ("In the context of medical malpractice, the elements translate into a duty of care owed by the health care provider to the patient; a breach of the applicable standard of care; proximate causation of a medical injury; and damages.") (citations omitted). A legal duty is determined by "the nature of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties." *Horridge*, 854 A.2d at 1239.

Plaintiff's alleged facts fail to show any special relationship between defendant and himself. Furthermore, the alleged facts fail to show that plaintiff sustained any injury, actual or otherwise, from defendant's alleged misconduct. Plaintiff's representation, stated for the first time in his response to the motion to dismiss, that he "will show at a later time where the defendant's negligence caused him to have to undergo heart surgery" strains credulity since he admits that he "badly required" Lyrica "for the treatment of neuropathic pain," Pl.'s Addendum at 1, not heart disease. *See* **http://lyrica.com** ("LYRICA is indicated to treat fibromyalgia, diabetic nerve pain, and pain after shingles."). Besides, plaintiff's claims and purported injury are the type of "naked assertion[s]" that do not suffice to defeat a motion to dismiss. *Twombly*, 550 U.S. at 557.

Finally, defendant argues correctly that Count 3 labeled "Lack of Good Faith", Count 4 labeled "Failure to Perform", Count 6 labeled "Malfeasance", and Count 10 labeled "Wreckless Endangerment" are not viable causes of action, *see* Def.'s Am. Mem. at 9-11, 13, 16, and that Count 8 fails because the HIPPA does not authorize an individual to bring a private cause of

action for violations of the Act. *Id*. at 14; *see* 42 U.S.C. § 1320d-5(d)(1) ("[T]he attorney general of the State, as parens patriae, may bring a civil action on behalf of [affected] residents[.]"); *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 195-96 (D.D.C. 2011) ("In light of the statutory language of § 1320d–5 and the apparent consensus among the courts that have considered the question, this Court finds that Plaintiff has no private HIPAA right of action.").

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss this action under Rule 12(b)(6) for failure to state a claim. A separate order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE:  May 31, 2012                     United States District Judge